UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SHORT,<br><br>      Plaintiff,<br><br>      v.<br><br>CALIFORNIA COAST CREDIT UNION HEALTH & WELFARE PLAN *et al.*<br><br>      Defendants. | CASE NO.: 19-CV-418-GPC-WVG<br><br>**PROTECTIVE ORDER**<br><br>[Doc. No. 16.] |

    The Court recognizes that at least some of the documents and information ("materials") being sought through discovery in the above-captioned action are, for competitive reasons and for privacy reasons, kept confidential by the parties. The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action.

    The materials to be exchanged throughout the course of the litigation between the parties may contain confidential research, technical, cost, price, marketing, or other commercial information, as well as information protected by the Health Insurance Portability and Accountability Act and state privacy statutes, as is contemplated by Rule 26(c) of the Federal Rules of Civil Procedure.

The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation. THEREFORE:

## **DEFINITIONS**

The term "Confidential Information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be Confidential Information by any party to which it belongs.

The term "materials" will include, but is not limited to: documents, correspondence, electronically stored information (emails, texts, posts on social media), memoranda, bulletins, blueprints, specifications, customer lists or other material that identifies customers or potential customers, patients, diagnosis, prognosis, treatment, patient demographics, price lists or schedules or other matter identifying pricing, minutes, telegrams, letters, statements, cancelled checks, contracts, insurance policies, insurance benefit books, insurance benefit summaries, explanations of benefits (EOBs), invoices, drafts, books of account, worksheets, notes of conversations, desk diaries, appointment books, expense accounts, recordings, photographs, motion pictures, compilations from which information can be obtained and translated into reasonably usable form through detection devices, sketches, drawings, notes (including laboratory notebooks and records), reports, instructions, disclosures, other writings, models and prototypes, and other physical objects.

The term "counsel" will mean counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed by Duckor Spradling Metzger & Wynne, Kantor & Kantor LLP, and in-house counsel for the Parties.

///

///

## **GENERAL RULES**

Each party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order, may designate the same as "CONFIDENTIAL."

Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party or infringe upon the privacy rights and HIPAA protection of patients.

In the event the producing party elects to produce materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all materials produced will be considered as "CONFIDENTIAL," and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain Confidential Information with the appropriate confidentiality marking.

Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party:

The deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; [A] party will have until 14 days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL";

The disclosing party will have the right to exclude from attendance at the deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 9 below; and

The originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" as appropriate, and the original or any copy ultimately presented to a court for filing must be presented under provisional seal with a request that the document be sealed, and identified as being subject to this Order with all non-relevant HIPAA protected information redacted, and protected from being opened except by order of this Court.

No document shall be filed under seal unless counsel secures a court order allowing the filing of a document under seal. An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel. If opposing counsel, or the person or entity who has custody and control of the document, wishes to oppose the application, he/she must contact the chambers of the judge who will rule on the application to notify the judge's staff that an opposition to the application will be filed.

All Confidential Information designated as "CONFIDENTIAL" must not be disclosed by the receiving party to anyone other than those persons designated within this order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

Information designated "CONFIDENTIAL" must be viewed only by counsel (as defined in paragraph 3) of the receiving party, by independent experts (pursuant to the terms of paragraph 8), and by the additional individuals listed below, provided

each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms:

    a. Executives who are required to participate in decisions regarding this action;

    b. Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action; and

    c. Stenographic and clerical employees associated with the individuals identified above.

With respect to material designated "CONFIDENTIAL," any person indicated on the face of the document to be its originator, author, or a recipient of a copy of the document, may be shown the same.

All information which has been designated as "CONFIDENTIAL" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the counsel for the receiving party identified in paragraph 3, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies for so long as is necessary for their participation in this litigation.

Before any materials produced in discovery, answers to interrogatories, responses to requests for admission, deposition transcripts, or other documents that are designated as Confidential Information are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal.

At any stage of these proceedings, any party may object to a designation of the materials as Confidential Information. The party objecting to confidentiality must notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within seven days of receipt of such a notice of objections, the objecting party

may move the Court for a ruling on the objection. The materials at issue must be treated as Confidential Information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

At any stage of these proceedings, any party may challenge the lack of designation of materials as Confidential Information. The party objecting to the lack of confidential designation must notify, in writing, counsel for the party failing to designate the materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within seven days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. The materials at issue must be treated as Confidential Information until the Court has ruled on the objection or the matter has been otherwise resolved.

All Confidential Information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each party, and each person receiving Confidential Information, must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

No party will be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information, and that the

document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL."

Nothing within this order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information must not be disclosed other than as provided pursuant to the terms of this Order.

This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

Nothing within this order will be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

Upon final termination of this action, including any and all appeals, counsel for each party must, upon request of the producing party, return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may

retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

The restrictions and obligations set forth within this order will not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

The restrictions and obligations within this order will not be deemed to prohibit discussions of any Confidential Information with any third person if that third person already has or obtains legitimate possession of that information.

Transmission by facsimile or email is acceptable for all notification purposes within this Order.

This Order may only be modified by agreement of the parties, subject to approval by the Court.

The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties respectfully request that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such a revised order.

DATED: May 2, 2019

_____
Hon. William V. Gallo
United States Magistrate Judge

8
No. 19-CV-418-GPC-WVG

# Attachment A

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| DAVID SHORT, | CASE NO.: 19-CV-418-GPC-WVG |
|---|---|
| Plaintiff, | **AGREEMENT TO BE BOUND BY PROTECTRIVE ORDER** |
| v. | |
| CALIFORNIA COAST CREDIT UNION HEALTH & WELFARE PLAN *et al.*, | |
| Defendants. | |

I, _____, declare and say that:

1. I am employed as _____ by _____.

I have read the Protective Order entered in *David Short v. California Coast Credit Union Health & Welfare Plan et al.*, Case No. 19-CV-418-GPC-WVG, and have received a copy of the Protective Order.

I promise that I will use any and all "CONFIDENTIAL" information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist counsel in the litigation of this matter.

///

///

I promise that I will not disclose or discuss such "CONFIDENTIAL" information with anyone other than the persons described in paragraphs 3, 8, and 9 of the Protective Order.

I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Southern District of California with respect to enforcement of the Protective Order.

I understand that any disclosure or use of "CONFIDENTIAL" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____

_____
Print Name: